**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SAMUEL C. HILLARD | * | |
| Petitioner | * | |
| v. | * | CIVIL ACTION NO. JFM-05-164 |
| WILLIAM WILLIAMS, WARDEN | * | |
| Respondent | * | |

**MEMORANDUM**

Pending is a pro se 28 U.S.C. §2254 motion filed by Samuel C. Hillard,[1] an inmate at the Maryland House of Correction, contesting his conviction in 2000 for second degree murder and use of a handgun in the commission of a felony. Respondent William Williams, Warden of the Maryland House of Correction, by his counsel, has filed an answer and exhibits in opposition. Hillard has filed a reply.

Upon review of the pleadings, exhibits, and applicable law, the court finds no need for an evidentiary hearing. *See* 28 U.S.C. Section 2254(e)((2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts*.* The court will deny the motion by separate order.

**I. Background**

On March 3, 2000, a jury sitting in the Circuit Court for Prince George's County convicted Hillard of second degree murder and use of a handgun in the commission of a felony

---

[1] Petitioner's name is spelled "Hilliard" on several state court documents.

or a crime of violence.[2]  On April 25, 2000, the court sentenced him to consecutive terms of thirty years for the murder conviction and twenty years, all but ten suspended, for the handgun conviction.

      Hillard appealed to the Court of Special Appeals, presenting three issues: 1) whether the trial court erred in denying his motion for a mistrial; 2) whether the trial court erred in refusing to admit relevant evidence; and 3) whether his sentence was based on improper considerations and was illegal.  Resp. Exhibit 8 at 2.  The Court of Special Appeals of Maryland affirmed the convictions on March 19, 2001.  On June 22, 2001, the Court of Appeals of Maryland denied certiorari review.

      Proceeding pro se, Petitioner filed a petition for post-conviction relief on November 14, 2001.  Petitioner later filed an amended petition through his attorney on October 28, 2002.  On January 27, 2003, Petitioner filed a second amended pro se petition.  As amended, the petition alleged trial counsel provided ineffective assistance by failing to: 1) investigate and prepare a defense of imperfect self-defense; 2) obtain suppression of a coerced statement; 3) timely object to prior bad acts evidence; 4) adequately cross-examine and impeach State witnesses; 5) make an opening statement to the jury; 6) object to the testimony of witness who was a minor and not subject to a competency hearing; 7) file for modification of sentence; 8) adequately investigate potential witnesses; 9) introduce relevant character evidence of the victim; and 10) object to the State's rebuttal evidence.  Resp. Ex. 16 at 1-2.  Petitioner also claimed that he was entitled to relief based on the cumulative effect of these purported errors. *See id.*

---

[2]  A jury sitting in the Circuit Court for Prince George's County convicted Hillard of the shooting death of Wayne Sellers, the boyfriend of Terri Smith, the mother of Hillard's child.

The Circuit Court for Prince George's County conducted a post-conviction hearings on May 29, 2003 and October 22, 2003. On December 4, 2003, the post-conviction court issued an Opinion and Order granting Hillard the right to file a motion for modification of sentence, but denying relief on all other grounds. Resp. Ex. 16 at 28-29.

Subsequently, Petitioner filed an application for leave to appeal the denial of post-conviction relief. He claimed that: 1) the post-conviction court abused its discretion by refusing to allow him to revoke his waiver of counsel at the post-conviction hearing, and 2) trial counsel provided ineffective assistance. Specifically, he argued that trial counsel failed to: a) adequately investigate potential witnesses; b) investigate and prepare a defense of imperfect self-defense; c) introduce relevant character evidence of the victim; and d) object to the testimony of a minor witness who was not subject to a competency hearing. Resp. Ex. 17. The application for leave to appeal the from the denial of post-conviction relief was summarily denied on August 30, 2004. Resp. Ex. 18.

**II. Standard of Review**

This petition is subject to the provisions of the federal habeas statute, 28 U.S.C. § 2254, as amended, which provides a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7. (1997); *see also Bell v. Cone*, 543 U.S. 447, 455 (2005) (stating habeas court's standard for evaluating state-court ruling is highly deferential). A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Court explained that a state court decision is "contrary to" clearly established federal law, when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id*. at 412-413. A state court decision is based on an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409-410. Furthermore, when a state court has made a finding of fact, it is presumed to be correct and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. Analysis

In his federal petition, Hillard asserts: 1) the post-conviction court abused its discretion by refusing to allow him to revoke his waiver of counsel at the post conviction hearing; 2) trial counsel provided ineffective assistance; and 3) the trial court erred by denying his motion for a mistrial. Petition at 2-4  In support of the ineffective assistance claim, Hillard contends trial counsel failed to adequately investigate and introduce relevant evidence supporting a theory of imperfect self-defense and to object to an move to strike the testimony of a child witness. Petition at 2-3.

#### A. Abuse of Discretion by Post Conviction Court

Petitioner's first claim is that the post-conviction court abused its discretion by denying him

the opportunity to revoke his waiver of counsel.[3]  In order for a federal court to review an application for habeas relief, a prisoner must be "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).  State post-conviction proceedings are not part of the criminal proceeding, and the claim presented here provides no basis for federal habeas review.  *See Mackall v. Angelione*, 131 F.3d 442, 447-48 (4th Cir. 1997); *see also Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (claim of error in state post-conviction proceedings does not state a basis for federal habeas relief). Consequently, this claim is not cognizable on federal habeas review.

**B. Ineffective Assistance of Counsel**

Constitutionally ineffective assistance of counsel claims are governed by standards well settled since *Strickland v Washington*, 466 U.S. 668 (1984). *See also Bell v. Cone*, 535 U.S. 685, 698-99 (2002) (explaining the interplay between *Strickland* and 28 U.S.C. § 2254(d).  To prevail on a claim of ineffective assistance of counsel, a petitioner must show his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *See id.* at 687. To demonstrate actual prejudice, a petitioner must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id*. at 694.  According to *Strickland*, there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *See id.* at 688-89.  Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted had

---

[3] During the post-conviction hearing held on May 29, 2003, Petitioner fired and then re-hired his appointed counsel.  Petitioner's hearing was resumed on October 22, 2003, at which time petitioner fired but did not rehire his appointed counsel. Resp. Ex. 16 at 3.

the attorney been deficient. *See id.* at 697.[4]

### 1. Failure to Investigate and Present Defense of Imperfect Self-Defense

Petitioner claims that his trial counsel provided ineffective assistance by failing to investigate and adequately present a defense of imperfect self-defense. This claim was raised during post conviction proceedings and summarized by the Circuit Court for Prince George's County as follows:

> The Petitioner alleges that his trial counsel failed to investigate the scene of the crime himself or to hire an investigator, and in so doing, did not have the proper witnesses to support the Petitioner's allegation that the victim was the first aggressor in the parties' altercation which culminated in the victim's death, his sole defense. According to the Petitioner, his trial counsel merely asked the Petitioner's family to canvass the neighborhood in an effort to locate witnesses to the shooting, and it was the Petitioner's family, not his trial counsel's efforts, that located Donald Johnson who testified on behalf of the defense. (T3-35 through 3-59.) Based on Mr. Johnson's testimony, the Petitioner attempted to argue that the victim was much larger in size than the Petitioner, the victim produced the gun involved in the shooting, there was a struggle, and the victim was the first aggressor. Id. It appears as though the Petitioner believes that if his trial counsel had further and more thoroughly investigated, he could have produced more witnesses to corroborate these theories.

Resp. Ex. 16 at 9-10.

The post-conviction court rejected this argument, concluding Hillard had failed to show how he was prejudiced by the tactical decisions of his trial attorney. Resp. Ex. 16 at 11.

> Balancing the need and effort factors in this case, this Court finds that the effort it would have taken the Petitioner's trial counsel to continue investigating a non-viable defense of self-defense far outweighs the benefit, if any, to the Petitioner's defense of

---

[4] In his reply, Hillard has sought to amend his § 2254 motion to add a claim that the post-conviction court erred by determining the issue of trial counsel's failure to object to evidence of Hillard's bad acts as finally litigated. Hillard may not amend the motion at this later stage of the proceedings without leave of the court. *See* Fed. R. Civ. P. 15(a). Further, Hillard does not allege what constitutional right or federal law was abridged by this alleged error.

further investigation. Counsel is not required to investigate a defense strategy suggested by information provided by the Defendant when counsel does not believe that the defense will be productive. *State v. Dowdell*, 73 Md. App. 701, (1987), *cert denied,* 312 Md. 126, 538 A. 2d 777 (1988). [Trial Counsel] testified before the Court during the Post Conviction hearing that the facts in the case, taken together cumulatively, made it difficult to even consider arguing the defense of imperfect self-defense, discussed below. On May 12, 199, the day that the Defendant/Petitioner shot and killed Mr. Wayne Sellers, the Petitioner intentionally located him (the victim, Mr. Sellers) and Ms. Terri Smith who were together at the time for the purpose of confronting them, and took the initiative to track down and encounter these parties. The victim was shot in the back, the Petitioner had his gun drawn and cocked when he first approached the victim, and the Petitioner had confessed to the crime.

Resp. Ex. 16 at 9-10.

Additionally, Petitioner claimed that trial counsel's failure to investigate threats of physical harm allegedly made against him by the victim deprived him of the ability to effectively raise the defense of imperfect self-defense. Resp. Ex. 16 at 11-12. Petitioner claimed that his trial counsel should have elicited during the direct examination of defense witnesses, Deborah Morton and Bernadette Morton, that the victim had recently threatened Hillard with physical harm. *See id.*

In its decision, the state post conviction court said:

The defense of "[i]mperfect self-defense... requires no more than a subjective honest belief on the part of the killer that his actions were necessary for his safety, even though, on an objective approraisal by a reasonable man, they would not be found to be so. *Cunningham v. State*, 58 Md. App. 249, 256, 473 A.2d 40, 43 (1983). Trial counsel has a duty to investigate the facts, *Kimmelman v. Morrison*, 477 U.S. 365, 385-86 (1986), but the fact that a case is a death case does not, by itself, require extra effort by counsel. *Cirincione v. State*, 119 Md. App. 471, 493, 705 A.2d 96, 106 (1998). If the defendant disclosed to counsel information that reasonably suggested that a particular defense strategy would be useless, counsel may abandon efforts to investigate the strategy. *State v. Dowdell*, 73 Md. App. 172, 183-84, 533 A.2d 695, 701 (1987), *cert denied*, 312 Md. 126, 538 A.2d 777 (1988).

Resp. Ex. 16 at 12.

7

The decisions of counsel are always subject to being second guessed with the benefit of hindsight; however, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel, and there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Hillard has failed to show that the state court's findings are unreasonable, that his trial counsel's performance was deficient, or that he was prejudiced by his appellate counsel's performance.  Hillard does not show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner.  Having failed to overcome the presumption that the challenged action might be considered sound trial strategy, there is no basis to disturb the state court ruling.

## 2.  Failure to Object and Move to Strike Testimony of Child Witness

Additionally, Hillard claims that trial counsel provided ineffective assistance by failing to to move to strike the testimony of a child witness, Jasmine Smith, [5] after the court failed to make a competency inquiry.[6]   This claim was rejected by the state post-conviction court which stated:

> Based upon the testimony before the Court on October 22, 2003 during the Post Conviction hearing, this Court finds that counsel was not ineffective for failing to object to the testimony of Jasmine Smith. First, although the trial transcript does not so reflect, Judge Krauser, presiding over the Petitioner's trial, in fact did voir dire Ms. Smith as to her competency prior to her giving testimony. Both Mr. Martucci and Frances Longwell, the Assistant State's Attorney who prosecuted the Petitioner before the trial court, recalled that Judge Krauser called Jasmine Smith to the stand, and questioned her at the bench as to whether she knew the difference between the truth and lies, whether she knew what would happen if she lied, and questioned her remembrance of the circumstances.  Both Mr. Martucci and Ms. Longwell told the Court during the Post Conviction hearing that this exchange took place as a side bar, and although off the record, both attorneys were present during the exchange.

---

[5] Jasmine Smith was nine years old and in the fourth grade when she testified. Paper Nos. 5 at 65 and 16 at 19.

[6] Petitioner does not allege that Jasmine Smith was incompetent to testify.  Paper No. 1. at 3-4.

> This Court believes the officers of the court that there was indeed a sidebar where the competency of Jasmine Smith was tested. Regardless, this Petitioner's case can be distinguished from the *Brandau* case where the court required the voir dire of child witnesses.[7] In *Brandau*, the Court looked to whether a Chancellor had erred in refusing to conduct or allow a voir dire examination of a child in the middle of a custody dispute. *Brandau*, 39 Md. App. 99, 103, 382 A. 2d 1103, 1105. The Chancellor in that case simply did not allow the witness to testify. Id., 382 A.2d 1103, 1105. The Court concluded that it was an error for the Chancellor to refuse to conduct the examination of the proposed witness to determine her competency. Id. at 105, 382 A.2d 1103, 1106. First, this case is different from *Brandau* because it arises in a different context: whereas the witness here was testifying as to what she observed in a shooting, the witness in *Brandau* was testifying about here relationship with her parents in a domestic case. Second, the child witness in this case was allowed to testify, not completely precluded liked *Brandau*, and there was testimony from officers in the court that she was in fact voir dired so that the trial court could gauge her competency.

Resp. Ex.16 at 21-22. The post-conviction court also noted that it was clear from reading the trial transcript that Jasmine Smith was competent and aware of her role in the proceedings. Resp. Ex. 16 at 22.

The decision of the state post-conviction court was not unreasonable under the standard for federal habeas review. *See* 28 U.S.C. § 2254(d). Based on testimony presented by counsel from both parties, the state post-conviction court concluded that the trial court had appropriately tested the competency of the child witness prior to her testimony and both parties had concurred. Further, there is neither allegation, nor substantiation in the pleadings and exhibits that Jasmine Smith was actually incompetent to testify. Accordingly, there is no basis here for federal habeas corpus relief.

### C.  Denial of Motion for Mistrial

Petitioner's final claim is that the trial court erred by denying his motion for mistrial made after State's witness, Terry Smith, in violation of a motion *in limine*, revealed information about Petitioner's prior incarceration. Petitioner does not identify any provision of the Constitution or

---

[7] *See Brandau v. Webster*, 39 Md. App. 99, 382 A.2d 1103 (1978).

laws of the United States that was contravened. Absent a violation of a federal constitutional right or provision, this claim is not cognizable. *See* 28 U.S.C. § 2254(a).

This issue was rejected on direct appeal. The Court of Special Appeals ruled that by sustaining an objection to strike the testimony and instructing to the jury to disregard the stricken evidence, the extraordinary measure of mistrial was unnecessary. Resp. Ex. 11 at 3-5. To the extent Hillard suggests this ruling fails to comport with state law, an allegation of violation of state law or procedure that does not constitute an infringement of a specific constitutional protection or fundamental fairness, is not cognizable in an action for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-75 (1991).

**IV. Conclusion**

Accordingly, the 28 U.S.C. § 2254 motion will be denied. An order consistent with this memorandum follows.


Date:   September 25, 2006          /s/
                                    J. Frederick Motz
                                    United States District Judge